UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERYL HASKILL,<br><br>   Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. EDCV 04-1466 (RNB)<br><br>MEMORANDUM OPINION; AND ORDER THEREON |

On November 30, 2004, plaintiff filed a Complaint herein seeking review of the Commissioner's denial of her application for Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on August 16, 2005. Thus, this matter now is ready for decision.[1]

This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law.

\\

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case will be made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court will determine which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1   For the reasons stated by the Commissioner at pages 10-13 of the Joint
2 Stipulation, the Court concurs with the Commissioner that reversal is not warranted
3 based on the alleged failure of the Administrative Law Judge ("ALJ") to properly
4 consider plaintiff's objective complaints and assess her credibility.  However, the
5 Court is unable to affirm the ALJ's determination at Step Two of the Commissioner's
6 sequential evaluation process that plaintiff's impairments are not severe.
7   Indeed, it appears from the ALJ's ultimate finding that plaintiff "does not have
8 any impairment or impairments that significantly limit her ability to perform basic
9 work-related activities" (see AR 18), and from the ALJ's rationale for his non-severity
10 finding in the body of his decision, that the ALJ was not applying the proper legal
11 standard but rather conflating the issue of whether any of the medically determinable
12 impairments found by the ALJ qualified as "severe," with the issue of whether any of
13 plaintiff's medically determinable impairments were of disabling severity.
14   An impairment may be found "not severe" at Step Two of the Commissioner's
15 sequential evaluation process only where the impairment "has no more than a minimal
16 effect" on the claimant's ability to perform basic work activities.  If a finding of non-
17 severity is not "clearly established by medical evidence," adjudication must continue
18 through the sequential evaluation process.  See Social Security Ruling[2] ("SSR") 85-
19 28; SSR 96-3p; see also Yuckert v. Bowen, 841 F.2d 303, 306-07 (9th Cir. 1988);
20 McDonald v. Secretary of Heath & Human Svcs., 795 F.2d 1118, 1124-25 (1st Cir.
21 1986); Chapman v. Barnhart, 189 F. Supp.2d 795, 804 (N.D. Ill. 2002) ("[A] 'severe'
22 impairment is any medically determinable impairment that would interfere with a
23 person's ability to perform the full range of exertional and non-exertional work-related
24 activities.").
25 \\
26

---

27   [2]   Social Security Rulings are binding on ALJs.  See Terry v. Sullivan, 903
28 F.2d 1273, 1275 n.1 (9th Cir. 1990).

Here, the medical evidence did not "clearly establish" a finding of non-severity. Based on his physical examination of plaintiff, Dr. Gerson opined in his January 29, 2003 Internal Medicine Evaluation Report that plaintiff's orthopedic impairments limited her to a medium level of exertion (i.e., lifting 25 lbs. frequently and 50 lbs. occasionally, standing and walking for 6 hours in an 8-hour workday, and sitting for 6 hours in an 8-hour workday). (See AR 145-49). Further, based on his review of plaintiff's medical records, the State Agency Physician likewise opined on March 11, 2003 that, while plaintiff's physical impairments did not establish any postural, manipulative, visual, communicative, environmental limitations, they did establish the same exertional limitations to which Dr. Gerson had opined. (See AR 152-61).[3]

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, supra.

\\

---

[3] The Court also notes that the ALJ's "non-severity" finding with respect to plaintiff's medically determinable mental impairments of anxiety and depression arguably cannot be reconciled with the consultative examiner's findings that plaintiff was suffering from mental impairments which rendered her "mildly impaired in her ability to interact appropriately with supervisors or co-workers because of some possible interference from anxious mood," and that plaintiff's current Global Assessment of Functioning ("GAF") was 65. (See AR 177). A GAF of 65 is indicative of "some difficulty in social, occupational, or school functioning." See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed.). By way of contrast, the GAF range for "absent or minimal symptoms" is 81-90, and the GAF range for "no more than slight impairment in social, occupational, or school functioning" is 71-80. Id.

Here, the Court has found that the ALJ erred at Step Two of the Commissioner's sequential evaluation process. Remand is appropriate to allow the Commissioner to continue the sequential evaluation process starting at Step Three. There is no reason for the Court to direct the manner in which the Commissioner performs Steps Three, Four and Five (if reached), and the Court declines to do so.

**ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

DATED:  August 24, 2005

/s/
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE